ORFINGER, Chief Judge.
Appellee Steven Haas was arrested and subsequently charged with violating § 831.-11, Fla.Stat. (1981),[1] which makes criminal the act of bringing into the state forged bank bills. The State charged that appellee delivered to an undercover agent for the Florida Department of Law Enforcement 102 blank documents essentially in the form used to make cashier’s checks. The documents did not bear a date, signature, payee or amount.
Appellee filed a motion to dismiss under Florida Rule of Criminal Procedure 3.190(c)(4), describing the documents and contending, essentially, that these blank forms were not bills or notes under the statute, that appellee had no intent to defraud anyone, and that the blank “checks” were not counterfeit. The State traversed these allegations, and now appeals the order dismissing the charges. We affirm.
What is imprinted on the documents in question is not in dispute. They were simulated to look like blank cashier’s checks of Barnett Bank. The State attached a copy of a genuine form as well as a copy of the simulated form to its traverse. The State denied the absence of intent to defraud and alleged that the documents were, in fact, counterfeit, but admitted that the documents were blank, had not been filled in or signed by anyone. The record clearly reveals that the documents in question are blank checks, albeit not genuine.
Whether intent to defraud was present or absent is not really in issue here, nor it is material that the documents were false, forged or counterfeit (as we assume they were, for the purpose of the motion and this opinion) if they were not false, forged or counterfeit bills or notes.
If we accept the premise that the “note” referred to in the statute is the promissory note of the Uniform Commercial Code, the document in question does not qualify. Section 673.104, Florida Statutes (1981), defines a “note” as a promise, other than a certificate of deposit, signed by the maker and which contains an unconditional promise to pay to bearer or order a sum certain in money, on demand or at a definite time. This document is completely blank, and contains none of the above. As a blank form, it does not even qualify as a check because it has not been filled in nor purportedly signed. To qualify as a check under the Uniform Commercial Code, it must have the attributes set forth above, except that it must be drawn on a bank and payable on demand. Sec. 673.104(2)(b), Fla.Stat. (1981).
More correctly, the term bill or note as used in the statute under which appellee was charged, refers to currency. The statute was originally adopted in 1868, and is essentially unchanged today. In the case of People v. Hall, 391 Mich. 175, 215 N.W.2d 166 (1974), the Supreme Court of Michigan reviewed a statute quite similar to the one involved here. It noted that bank bills or bank notes are defined in 10 Am.Jur.2d, Banks, section 320, pages 285-286 as follows:
Bank notes or bank bills (the terms are used interchangeably) are the promissory notes of a bank to pay to the bearer a certain sum on demand. They are intended to pass, and do pass, according to the prevailing view, as money or common currency for an indefinite period, wherein lies the most important distinction between such notes and ordinary promissory notes payable on demand.
215 N.W.2d at 176. The Michigan court then held that the statute in question referred to common currency or money, as the term is used today. We agree. In earlier times, certain banks did issue bills or (bank) *1345 notes and these were treated as currency. In Bank of the United States v. Bank of Georgia, 23 U.S. (10 Wheat) 333, 6 L.Ed. 334 (1825), the United States Supreme Court stated:
Bank notes constitute a part of the common currency of the country, and ordinarily pass as money. When they are received as payment, the receipt is always given for them as money. They are a good tender as money, unless specifically objected to; and as Lord Mansfield observed in Miller v. Race, 1 Burr, 457, they are not like bills of exchange, considered as mere securities or documents for debt.
23 U.S. at 347, 6 L.Ed. at 337.
When our statute refers to “a false, forged or counterfeit bill or note in the similitude of the bills or notes ... issued by or for any bank or banking company ...” it is referring to money or currency. The papers in question here do not violate this statute. Although as pointed out in the concurring opinion, cashier’s checks when properly completed, signed and payable to bearer or to the order of a specific person for a definite amount are in current or common use in commercial transactions, whether a forged or counterfeit similitude of such a completed cashier’s check violates this statute is not before us under the facts of this case, so we do not address that issue.
The order appealed from is AFFIRMED.
FRANK D. UPCHURCH, Jr., J., concurs.
SHARP, J., concurs specially with opinion.

. § 831.11, Fla.Stat. (1981):
Bringing into the state forged bank bills.— Whoever brings into this state or has in his possession a false, forged or counterfeit bill or note in the similitude of the bills or notes payable to the bearer thereof or to the order of any person issued by or for any bank or banking company established in this state, or within the United States, or any foreign province, state or government, with intent to utter and pass the same or to render the same current as true, knowing the same to be false, forged or counterfeit, shall be guilty of a felony of the third degree, punishable as provided in § 775.082, § 775.083, or § 775.-084.